OPINION
Appellant Douglas Jeffrey appeals the decision of the Morrow County Court of Common Pleas that found him to be a sexual predator pursuant to R.C. Chapter 2950. The following facts give rise to this appeal.
In 1994, the Morrow County Grand Jury indicted appellant for ten counts of rape, four counts of attempted rape, one count of felonious sexual penetration and fourteen counts of gross sexual imposition. The charges were the result of appellant abusing his ten-year-old step granddaughter over a period of eight months. Following his indictment, appellant entered a plea of not guilty to the charges. However, appellant subsequently withdrew his not guilty plea and entered a plea of guilty to one count of rape. The trial court sentenced appellant to an indeterminate sentence of eight to twenty-five years.
On December 12, 2000, the trial court conducted a sexual predator classification hearing pursuant to R.C. 2950.09. On the day of the hearing, the state filed a "Memorandum In Support of Sexual Predator Finding." Prior to the commencement of the hearing, defense counsel moved to continue the classification hearing. The trial court denied defense counsel's request. The hearing proceeded and the state moved to admit the exhibits attached to its memorandum. The trial court took judicial notice of the pre-sentence investigation containing a psychological report of appellant. In a judgment entry filed December 29, 2000, the trial court found appellant to be a sexual predator.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A REASONABLE CONTINUANCE TO DEFENDANT'S COUNSEL AND ADMITTED DOCUMENTS NOT AVAILABLE TO DEFENDANT'S COUNSEL PRIOR TO THE HEARING.
 II. THE TRIAL COURT ERRED WHEN (SIC) FOUND DEFENDANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE.
 I
In his First Assignment of Error, appellant contends the trial court erred when it denied defense counsel's request for a continuance of the classification hearing. We disagree.
In support of this assignment of error, appellant argues defense counsel was not appointed to represent him until approximately two weeks before the classification hearing, that defense counsel was not able to meet with him until the day of the hearing, and that defense counsel did not have an opportunity to review various documents submitted by the state at the classification hearing.
As to a motion for continuance, the trial court enjoys broad discretion in granting or denying a continuance. State v. Unger (1981),67 Ohio St.2d 65, syllabus. An abuse of discretion occurs only where the trial court's attitude is unreasonable, arbitrary or unconscionable, it connotes more than an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. In Ungar v. Sarafite (1964), 376 U.S. 575,589, the United States Supreme Court stated that:
 There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. [Citation omitted.] Id. at 589.
Thus, the standard is a balancing test which requires the trial court to consider all competing factors. These factors include: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors depending on the unique facts of each case. Unger at 67-68. It is based upon this standard that we review appellant's First Assignment of Error.
As noted above, defense counsel's request for a continuance of the classification hearing was based upon the fact that he did not meet with appellant until the day of the classification hearing and did not have an opportunity to review certain documents admitted at the hearing.
We do not find the trial court abused its discretion in denying the requested continuance. The trial court appointed counsel to represent appellant almost two weeks before the scheduled hearing. The information defense counsel claims he could not review is contained in the case file and pre-sentence investigation. Only the state's "Memorandum In Support of Sexual Predator Finding" was not available to defense counsel prior to the classification hearing. Finally, defense counsel could have met with appellant, prior to the classification hearing, at either the institution where appellant is serving his sentence or the county jail where appellant was transported prior to the hearing.Based upon these facts, the trial court did not abuse its discretion when it denied defense counsel's request for a continuance.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the trial court erred when it found him to be a sexual predator by clear and convincing evidence. We disagree.
Clear and convincing evidence is defined as more than a mere preponderance but not to the extent of such certainty as required in proof beyond a reasonable doubt. Clear and convincing evidence is evidence which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. See Cross v.Ledford (1954), 161 Ohio St. 469. In State v. Cook (1998),83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Second Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court considered the above factors and made the following conclusions on the record. First, the trial court noted appellant was approximately forty-seven or forty-eight years old when he raped his ten-year-old step granddaughter. Tr. at 24. Multiple victims were not involved, however, there may have been multiple offenses. Id. There is no evidence, in the record, to indicate that appellant used drugs or alcohol to impair the victim. Id. Appellant informed the trial court that he participated in an available counseling program. Id. at 25. The trial court reviewed the entire psychological report that was attached to the pre-sentence investigation which addressed appellant's mental illness. Id. The trial court also found appellant's conduct was a pattern of behavior that occurred over a period of time. Id. at 25-26. Finally, the trial court noted as an additional behavioral characteristic that appellant continues to claim that he is innocent of the offense to which he pled guilty. Id. at 26.
We find the evidence presented to the trial court supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses. The trial court's decision is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.